IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 8, 2022

## MICHELLE ALEXA HERBERT v. FABIAN JESSE HERBERT

**Appeal from the Probate Court for Cumberland County**
**No. 2018-PF-6147   Larry Michael Warner, Judge**

————————————————————

## No. E2021-00850-COA-R3-CV

————————————————————

A review of the record on appeal reveals that the order appealed from does not constitute a final appealable judgment. As such, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; THOMAS R. FRIERSON, II, J.

Cindy H. Morgan, Sparta, Tennessee, for the appellant, Fabian Jesse Herbert.

Randall A. York, Cookeville, Tennessee, for the appellee, Michelle Alexa Herbert.

### MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Appellant failed to respond to our show cause order.

Specifically, this case concerns parenting issues, but the trial court's July 2, 2021, order fails to contain a permanent parenting plan. *See*, *Hawk v. Hawk*, No. E2015-01333-COA-R3-CV, 2016 WL 901518, at *10 (Tenn. Ct. App. March 9, 2016), *no appl. perm. appeal filed* ("However, we agree that the court erred by failing to craft a permanent parenting plan and child support worksheet that incorporated its modifications. Tenn. Code Ann. § 36–6–404(a). We remand this case for entry of a permanent parenting plan and a child support worksheet.").

Furthermore, the July 2, 2021 order does not have attached a current child support worksheet showing the calculation of child support. *See, e.g., Hensley v. Hensley*, No. E2017-00354-COA-R3-CV, 2017 WL 5485320, at *7 (Tenn. Ct. App. Nov. 15, 2017), *no appl. perm. appeal filed* ("we conclude that because the trial court in its judgment has modified the residential co-parenting schedule but failed to address the issue of a corresponding modification in child support, the judgment is not final. We therefore do not have subject matter jurisdiction to consider this appeal."); *In re Gabrielle R.*, No. W2015-00388-COA-R3-JV, 2016 WL 1084220, at *3 (Tenn. Ct. App. March 17, 2016), *no appl. perm. appeal filed* ("Because the trial court did not revisit the child support issue incident to its modification of the parenting plan, the December 22, 2014 order is not a final judgment as it does not adjudicate all issues. Accordingly, we do not have jurisdiction to hear this appeal.").

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As there is no final appealable judgment, the appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Fabian Jesse Herbert, for which execution may issue.

**PER CURIAM**